The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY GALLAHAN,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | No. 2:17-cv-00131-RSM<br><br>DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>JURY DEMAND |

Defendant Philadelphia Indemnity Insurance Company ("defendant") in answer to plaintiff's Complaint ("the Complaint"), admits, denies, and alleges as follows:

## I.   ANSWERS

1.   Answering paragraph 1, this paragraph contains only legal assertions and, therefore, no response is required. To the extent that a response is required, defendant admits this Court has jurisdiction over this matter and that venue is proper.

2.   Answering paragraph 2, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx

3.    Answering paragraph 3, defendant admits that it is a Pennsylvania corporation that is authorized to transact business in the State of Washington. Defendant admits that at the time of the incident complained of in plaintiff's Complaint, based on information and belief, plaintiff was an employee of Aacres LLC. Defendant admits that it issued a commercial lines policy to St. Andrews Acquisition, Inc., policy number PHPK766339 (the "Policy"), and that the Policy, as it was in effect from September 1, 2011 to September 1, 2012, included Underinsured Motorist Coverage ("UIM") coverage, subject to the limits of liability and all of the terms, conditions, exclusions and limitations of that coverage and the Policy, which speak for themselves. Defendant further admits that plaintiff qualified as a "insured" under the UIM coverage of the Policy, subject to the limits of liability and all of the terms, conditions, exclusions, and limitations of that coverage and the Policy, which speak for themselves. Except as expressly admitted, defendant denies the allegations contained in paragraph 3.

4.    Answering paragraph 4, defendant admits that the actions alleged in plaintiff's complaint occurred in King County, Washington. Except as expressly admitted, defendant denies the allegations contained in paragraph 4.

5.    Answering paragraph 5, defendant admits on information and belief that on February 5, 2012, plaintiff was involved in a motor vehicle accident that occurred on northbound Interstate 5 in Federal Way, Washington (the "Incident"), while she was driving a van within the course and scope of her employment with Aacres LLC.

6.    Answering paragraph 6, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7.    Answering paragraph 7, defendant denies the same.

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx

8. Answering paragraph 8, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies the same.

9. Answering paragraph 9, defendant denies the same.

10. Answering paragraph 10, defendant admits that plaintiff Kimberly Gallahan qualified as a "insured" under the UIM coverage of the Policy, subject to the limits of liability and all of the terms, conditions, exclusions and limitations of that coverage and the Policy, which speak for themselves. Defendant further admits that the Policy, as it was in effect from September 1, 2011 to September 1, 2012, included UIM coverage with limits of $1,000,000 in compensatory damages, subject to the limits of liability and all of the terms, conditions, exclusions and limitations of that coverage and the Policy, which speak for themselves. Except as expressly admitted, defendant denies the allegations contained in paragraph 10.

11. Answering paragraph 11, defendant admits that plaintiff seeks benefits under the Policy. Except as expressly admitted, defendant denies the allegations contained in paragraph 11.

12. Answering paragraph 12, this paragraph contains only legal assertions and, therefore, no response is required. To the extent that a response is required, defendant denies the same.

13. Answering paragraph 13, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, therefore, denies the same.

14. Answering paragraph 14, defendant denies the same.

15. Answering paragraph 15, defendant admits that the Policy, as it was in effect from September 1, 2011 to September 1, 2012, included UIM coverage, subject to the limits of

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer_(USDC).docx

liability and all of the terms, conditions, exclusions, and limitations of that coverage and the Policy, which speak for themselves. Defendant denies that Dennis Knox was an underinsured motorist. The remainder of the paragraph contains only legal assertions and, therefore, no response is required. To the extent that a response is required, defendant denies the same.

16. Answering paragraph 16, defendant denies the same.

17. Answering paragraph 17, defendant denies the same.

18. Except as expressly admitted, defendant denies all allegations in plaintiff's Complaint.

## II.   PLAINTIFF'S PRAYER FOR RELIEF

19. Answering plaintiff's "Prayer for Relief," including subparagraphs a-d, defendant denies the same.

## III.   AFFIRMATIVE DEFENSES

As further answer, by way of affirmative defenses, defendant alleges as follows:

1. That plaintiff's claims against defendant are barred by the applicable statute of limitations.

2. That plaintiff's claims are barred by the applicable contractual statute of limitations.

3. That plaintiff's claims against defendant are barred by laches.

4. That plaintiff's claims against defendant are barred due to waiver.

5. That plaintiff has failed to state a claim upon which relief may be granted.

6. That at all times relevant hereto, defendant's actions have been consistent with and pursuant to its rights and obligations under the terms of the Policy.

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx

7. That plaintiff's recovery, if any, is barred by the terms and conditions of the Policy under which she seeks payment.

8. That plaintiff's alleged injuries and damages, if any, may have been proximately caused or contributed to by the fault of other persons or parties and plaintiff herself. Pursuant to RCW 4.22.070, any recovery against defendant should be reduced in proportion to the degree of fault attributed to the plaintiff and/or other parties.

9. That defendant acted in an ordinary and reasonable manner and did not breach any duty owed to plaintiff.

10. That plaintiff may have failed to mitigate her damages.

11. That any claims by plaintiff against defendant are subject to the limits of liability, and all of the terms, conditions, exclusions, and limitations of the Policy, as it was in effect on February 5, 2012, including specifically, but not limited to, the UIM coverage of the Policy, and any other legal or Policy defenses defendant may have.

12. That defendant is entitled to an offset for any monies paid to and/or on behalf of plaintiff.

## IV. RIGHT TO AMEND

Defendant expressly reserves the right to amend this answer, including the right to include additional affirmative defenses and cross claims as circumstances and discovery warrant.

## V. PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, defendant prays for the following relief:

A. Dismissal of plaintiff's Complaint with prejudice;

B. An award of defendant's costs and attorneys' fees;

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx

C. For apportionment of percentage of fault to each party and nonparty entity pursuant to RCW 4.22 *et seq.*; and

D. Such other relief and further relief in favor as may be deemed just and equitable.

RESPECTFULLY SUBMITTED this 6th day of February, 2017.

                              KELLER ROHRBACK L.L.P.

By */s/ David J. Russell*
Mirén C. First, WSBA #26202
David J. Russell, WSBA #17289
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900; Fax: (206) 623-3384
Email: mfirst@kellerrohrback.com
       drussell@kellerrohrback.com
Attorneys for Defendant

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Corey Endres (WSBA #35945)
Endres Law Firm
PO Box 42
Renton, WA 98057
E-Mail: cendres@endreslawfirm.com

DATED this 6th day of February, 2017.

_____
Megan Johnston
DEFENDANT PHILADELPHIA INDEMNITY INSURANCE
COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

\\krfile\DATA\Clients\25692\380\Answer (USDC).docx