UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY GALLAHAN,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY,<br><br>Defendant. | Case No. C17-131RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND |

This matter comes before the Court on Defendant Philadelphia Indemnity Insurance Company ("Philadelphia")'s Motion for Summary Judgment, Dkt. #14, Philadelphia's Motion to Supplement the Factual Record, Dkt. #20, and Plaintiff Kimberly Gallahan's Motion for Leave to File Amended Complaint, Dkt. #26. Philadelphia argues that Ms. Gallahan's suit is barred by the contractual limitations period of the insurance policy. For the reasons set forth below, the Court agrees, and GRANTS Philadelphia's Motions. Furthermore, the Court DENIES Ms. Gallahan's Motion to Amend given the procedural posture of this case.

### I. BACKGROUND

On February 5, 2012, an auto accident occurred between Ms. Gallahan and the at-fault driver, Dennis Knox. *See* Dkts. #16-2; #16-4 at 3. The vehicle Ms. Gallahan was driving was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING LEAVE TO AMEND - 1

owned by her employer and insured under Philadelphia's Commercial Lines, Policy No. PHPK766339. Dkt. #16-1.

The Policy provides Underinsured Motorist ("UIM") Coverage in an endorsement. *Id.* at 16. This endorsement includes the following provisions:

> a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.
>
> b. any legal action against us under this Coverage Form must be brought within one year after the date on which the cause of action accrues.

*Id.* at 18.

On July 23, 2012, plaintiff's then-counsel wrote Philadelphia and inquired about UIM coverage. Dkt. #16-2. Philadelphia responded three days later and provided Ms. Gallahan's attorney with the requested information. Dkt. #16-3.

On May 27, 2014, Ms. Gallahan, through a new attorney, informed Philadelphia that she had settled her claim against Mr. Knox on July 8, 2013. Dkt. #16-4. On September 29, 2014, Ms. Gallahan demanded Philadelphia pay her the full UIM policy limits. Dkt #16-5. Philadelphia investigated Ms. Gallahan's claim, and on November 10, 2015, Philadelphia and Ms. Gallahan participated in an unsuccessful mediation. Dkt. #15 at ¶ 4.

Fourteen months later, on January 3, 2017, Ms. Gallahan filed this suit against Philadelphia. Dkt. #1-1. Philadelphia removed to this Court on January 30, 2017. Dkt. #1.

## II. DISCUSSION

### A. Motion to Supplement

The Court will first address Philadelphia's Motion to Supplement the Factual Record. Dkt. #20. Philadelphia wishes to add to the record an email from Ms. Gallahan's counsel dated

December 11, 2015, one month after the unsuccessful mediation, sent to Philadelphia and stating that she was "about to file with the courts." Dkt. #21-1 at 2. Philadelphia argues that this evidence is relevant and directly contradicts Ms. Gallahan's claim that neither she nor her counsel were on notice that plaintiff's UIM claim had accrued after the mediation. Dkt. #20 at 2. Philadelphia argues that the Court has discretion to supplement the record and this supplementation is not unfair or unjust because the email was authored and sent by Ms. Gallahan's own representative. *Id*. at 4.

In Response, Ms. Gallahan argues that "the submission prove[s] nothing of consequence," and that "Philadelphia offers no valid excuse for its failure to include the e-mail in its original filing or in connection with its reply papers." Dkt. #23 at 1. Ms. Gallahan argues that there is no authority on point for the kind of relief Philadelphia is requesting. Ms. Gallahan takes the opportunity in briefing to address the evidence on the merits and question its relevance. *Id*. at 2–3.

The Court finds that it has discretion to grant the requested relief, and that it is warranted in this case for several reasons. First, to save judicial resources—because the deadline for filing dispositive motions has not passed, Philadelphia would be within its rights to withdraw and refile a more complete dispositive motion containing this evidence. *See* LCR 7(l). The Court wishes to avoid that unnecessary effort. Second, because Ms. Gallahan has failed to show undue prejudice for the Court to consider this evidence, and has had an opportunity to respond to the issues raised by the evidence in briefing. Finally, the Court notes that Philadelphia is not engaging in summary-judgment-by-ambush, as the document in question was authored by Ms. Gallahan's legal representative and should come as no surprise. Given all of the above, the Court will grant this Motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND - 3

### B. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### C. Philadelphia's Motion for Summary Judgment

Philadelphia argues that, under the contractual limitations provision above, Ms. Gallahan had one year from the date Philadelphia refused to pay her UIM claim to bring this action, and that she missed this deadline. Philadelphia calculates the start date as November

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND - 4

10, 2015, the date of the failed mediation between the parties. Dkt. #14 at 1. Philadelphia asserts, supported by a declaration of counsel, that "Ms. Gallahan demanded more in UIM benefits than Philadelphia was willing to pay" at the mediation. Dkt. #14 at 2; Dkt. #15 at 2.

In Response, Ms. Gallahan argues that the events of the mediation are not properly before the Court because mediation communications are privileged, and that there is a genuine issue of material fact regarding what occurred at that mediation. Dkt. #17 at 1. Ms. Gallahan admits that the mediation took place, but argues that the discussions at mediation cannot be placed before the Court. In any event, Ms. Gallahan does not *deny* that she participated in the mediation to support her claim for UIM benefits, and that the mediation was unsuccessful because Philadelphia did not agree to pay that claim in full. Ms. Gallahan moves to strike all references to mediation communications. *Id.* at 3. Ms. Gallahan also argues that the contractual limitation clause is void and unenforceable, despite Philadelphia's citation to *Estate of Ingram ex rel. Larsen v. Am. States Ins. Co., infra*. *Id.* at 4–6. Ms. Gallahan cites no authority for her legal challenge to this case law, essentially asking the Court to create new law on this issue. In the alternative, Ms. Gallahan argues that the failed mediation is insufficient evidence for the Court to determine whether Philadelphia "expressed a position on whether or not it would pay the claim" and thus there is no evidence that Philadelphia "breached the agreement as a matter of law on November 10, 2015." *Id.* at 7. According to Ms. Gallahan, Philadelphia should have sent a letter explicitly denying her claim for the clock to have started on her claim. *Id.* at 8.

On Reply, Philadelphia argues, *inter alia*, that it has not violated any mediation privilege because it did not disclose actual mediation communications, it simply stated "the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND - 5

nonconfidential fact that the mediation did not result in a settlement." Dkt. #19 at 3 (citing RCW 7.07.010).

Policy language requiring suits for UIM benefits be brought "within one year after the date on which the cause of action accrues" does not violate Washington's underinsured motorist statute. *Estate of Ingram ex rel. Larsen v. American States Ins. Co.*, 44 F.Supp.3d 1046 (2014). The statute of limitations for a claim against an insurer based upon UIM coverage begins to run when the alleged breach occurs. *Safeco Insurance Co. v. Barcom*, 112 Wn.2d 575, 773 P.2d 56 (1989). The breach occurs when the insurer denies the UIM claim, refuses to honor its obligation under the policy, or pays the insured less than he believes he is entitled. *American States Ins. Co.*, 44 F.Supp.3d at 1050.

As an initial matter, the Court declines to strike Philadelphia's generic statements about the mediation. Philadelphia has not submitted actual mediation communications, and the outcome of the mediation is not privileged. The fact that the mediation was unsuccessful because Philadelphia refused to agree to Ms. Gallahan's demands can be easily inferred.

The Court finds no genuine issue of material fact here. The parties agree that a failed mediation took place between them, represented by counsel, on November 10, 2015, more than a year before this action was filed. The parties agree that this mediation was about the UIM claim at issue. This failed mediation did or should have put Ms. Gallahan on notice that Philadelphia had either denied her UIM claim, refused to honor its obligation under the policy, or offered only to pay her less than she believed she was entitled. Accordingly, Philadelphia engaged in the necessary actions for Ms. Gallahan's cause of action to accrue. *American States Ins. Co.*, 44 F.Supp.3d at 1050. The Court's conclusion is insulated by the December 2015 email from Ms. Gallahan's paralegal to Philadelphia stating that Ms. Gallahan was "about to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND - 6

file with the courts." This email conveys that not only *should* Ms. Gallahan have known that her action accrued more than a year prior to filing, she *did* know. Although the Court agrees that Philadelphia would have been wise to send a letter denying Ms. Gallahan's claim, the Court does not find that such is required in every case, especially in a case such as this where the plaintiff was already represented by counsel.

The Court finds that Philadelphia's contractual limitation clause is valid and enforceable under existing Washington law. *See Estate of Ingram ex rel. Larsen v. Am. States Ins. Co., supra*. The Court declines to follow Ms. Gallahan's suggested detour from established law, especially in this case where the facts so clearly demonstrate she was aware of her UIM claim for years prior to filing this action. Accordingly, the Court can grant summary judgment in favor of Philadelphia and dismiss all claims in this action.

### D. Motion for Leave to Amend Complaint

On November 22, 2017, after all briefing had been submitted on the dispositive motion above, Ms. Gallahan filed a Motion for Leave to Amend her Complaint to add causes of action for violation of The Insurance Fair Conduct Act ("IFCA"), common law bad faith, and violation of the state Consumer Protections Act ("CPA"). Dkt. #26. Ms. Gallahan argues that she has satisfied Rule 15(a) "as there is no evidence of undue delay, bad faith, or prejudice to the opposing party." *Id*. at 2. Amazingly, Ms. Gallahan "does not anticipate any deadlines in this case will be disturbed with the amendment to this claim." *Id*.

Examining the procedural posture of this case, discovery closed two days prior to when this Motion was filed. Dkt. #11. The dispositive motion deadline is December 19, 2017, and trial is set for March 19, 2018. *Id*. The Court finds that Ms. Gallahan's Motion is untimely.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING LEAVE TO AMEND - 7

The Court would not be able to grant this relief without modifying the existing case schedule,[1] and Ms. Gallahan has failed to show good cause to do so. *See* Fed. R. Civ. P. 16(b)(4). The Court can think of no reason why Ms. Gallahan could not have included these new claims in her initial Complaint. The Court will not reopen discovery in this case, as this would prejudice Philadelphia with additional expense and delay. Finally, the Court agrees with Philadelphia that Ms. Gallahan has brought this Motion in response to the summary judgment motion, *see* Dkt. #28 at 6, and that this constitutes a bad faith attempt to restart failing litigation. Given all of the above, the Court will deny this Motion.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Philadelphia's Motion for Summary Judgment, Dkt. #14, is GRANTED. All of Ms. Gallahan's claims against Philadelphia are dismissed.

2) Philadelphia's Motion to Supplement the Factual Record, Dkt. #20, is GRANTED.

3) Plaintiff Gallahan's Motion for Leave to File Amended Complaint, Dkt. #26, is DENIED.

4) This case is CLOSED.

DATED this 11 day of December, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To allow amendment without allowing discovery or adequate time to prepare for dispositive motions would clearly prejudice Philadelphia. Although Ms. Gallahan argues that Philadelphia has had notice of Ms. Gallahan's plan to amend with these claims and has not requested additional discovery, *see* Dkt. #26 at 4, the Court finds that Philadelphia has not waived its right to conduct discovery on these claims.