UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY GALLAHAN,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendant.

Case No. 17-131RSM

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Kimberly Gallahan's Motion for Reconsideration. Dkt. #33. The Court has determined that a Response is unnecessary and has not requested one from Defendant. *See* LCR 7(h)(3). The Court incorporates by reference the facts of this case as stated in the underlying Order Granting Defendant's Motion for Summary Judgment and Denying Leave to Amend, Dkt. #31.

Ms. Gallahan argues the Court engaged in manifest error by "(1) resolving the case on summary judgment based on inferences favorable to the non-moving party; (2) inferring the content of privilege communications when plaintiff is itself prevented by the mediation privilege from rebutting or correcting the Court's inferences; (3) by discounting or disregarding

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

facts and inferences favorable to Ms. Gallahan, the non-moving party; and (4) by refusing to amend the complaint." Dkt. #33 at 1.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court will address each of Ms. Gallahan's arguments in turn. First, the Court finds it did not engage in manifest error by basing its summary judgment dismissal on "inferences favorable to the non-moving party." Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). Ms. Gallahan hones in on the Court's statement that "[t]he fact that the mediation was unsuccessful because [Defendant] Philadelphia refused to agree to Ms. Gallahan's demands can be easily inferred." Dkt. #33 at 2 (citing Dkt. #31 at 6). The Court reached that conclusion based on the record before it—that Philadelphia and Ms. Gallahan participated in an unsuccessful mediation on November 10, 2015, and that on December 11, 2015, Ms. Gallahan's legal representative stated in an email to opposing counsel that Ms. Gallahan was "about to file with the courts." *See* Dkt. #31. As the Court stated in the next paragraph, Ms. Gallahan presented no genuine issue of material fact about what happened at the mediation, and "[t]his failed mediation did or should have put Ms. Gallahan on notice that Philadelphia had either denied her UIM claim, refused to honor its

obligation under the policy, or offered only to pay her less than she believed she was entitled." Dkt. #31 at 6. This was the standard the Court applied under the holding of *Estate of Ingram ex rel. Larsen v. American States Ins. Co.*, 44 F.Supp.3d 1046 (2014). Ms. Gallahan presents possible alternate inferences in the instant Motion, such as that "Philadelphia simply left the mediation without providing any clear response to plaintiff," Dkt. #33 at 3, but the Court finds that these inferences are not consistent with the record and in any event such arguments should have been made in response to the underlying motion, and could have been made without violating the mediation privilege.

Second, the Court finds that it did not infer the content of privileged communications. As stated in the underlying Order, "Philadelphia has not submitted actual mediation communications, and the outcome of the mediation is not privileged." Dkt. #31 at 6. The Court's statement that the mediation was unsuccessful because Philadelphia did not agree to Ms. Gallahan's demands was not based on *communications* but on the basic nature of a mediation where a plaintiff has claims and a defendant responds to them. Regardless, the Court's summary judgment dismissal was based on the entire record as stated above.

Third, the Court finds it did not commit manifest error by "discounting or disregarding facts and inferences favorable to Ms. Gallahan." The Court reviewed all of the evidence on the record. Ms. Gallahan discusses in the instant Motion how the record shows that the parties did not directly communicate at the mediation, and that Philadelphia was still seeking additional medical records after the mediation. These uncontested facts do not alter the Court's conclusion that, "[t]his failed mediation did or should have put Ms. Gallahan on notice that Philadelphia had either denied her UIM claim, refused to honor its obligation under the policy, or offered only to pay her less than she believed she was entitled," Dkt. #31 at 6, and do not

overcome the evidence that Ms. Gallahan's cause of action accrued some time prior to her stating that she was about to file in Court. The Court did not otherwise commit manifest error by ignoring inferences favorable to Ms. Gallahan.

Finally, the Court finds no manifest error in its refusal to allow amendment of the complaint. The Court's ruling was based on the untimeliness of the Motion to Amend and the procedural posture of the case. The Court properly relied on Rule 16(b)(4)'s good cause standard where the amendment would not be possible without modifying the existing case schedule. Dkt. #31 at 8. The Court also found that Ms. Gallahan was engaging in a bad faith attempt to restart litigation after a summary judgment motion. *Id.* Nothing in the instant Motion demonstrates that any of the above conclusions were in error.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Gallahan's Motion for Reconsideration, Dkt. #33, is DENIED.

DATED this 2 day of January 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 4